UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br>   v.<br><br>US GENERAL SERVICES ADMINISTRATION,<br><br>                Defendant. | CASE NO. 2:21-cv-00794-TL<br><br>ORDER IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT |

      On March 18, 2022, in its Order partially granting Plaintiff's motion for summary judgement, the Court ordered Defendant to: (1) produce all remaining non-exempt responsive records within twenty-one (21) days of the Order, and (2) provide to Plaintiff a complete and comprehensive *Vaughn* index within ten (10) days thereafter. Dkt. No. 32 at 12. The Court also ordered the Parties to meet and confer to narrow the scope of any remaining exemption challenges and file a joint status report and proposed dispositive motion briefing schedule by no later than April 25, 2022. *Id.*

ORDER IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT - 1

On April 25, the Parties filed a joint status report. Plaintiff reports that Defendant made what it deemed to be final production at or shortly after the Court-ordered deadline, but Defendant failed to meet its obligations of providing a "complete and comprehensive" *Vaughn* index as ordered. *See generally* Dkt. No. 33. Plaintiff asserts that Defendant failed to provide sufficient justification for certain exemptions and indicated an intent to supplement its production by releasing a number of withheld or partially withheld documents upon consultation with Plaintiff. *Id.* Plaintiff claims that Defendant's deficient *Vaughn* index shows that Defendant failed to meet its Court-ordered production obligations.

Defendant counters that it has made a concerted effort to meet its Court-ordered obligations, despite serious logistical hardships. *Id.* Defendant further avers that it has attempted to work with Plaintiff in good faith to resolve any remaining concerns about withheld documents to find a way to avoid Court involvement in the remaining document disputes. *Id.*

The Parties also failed to jointly propose a dispositive motion briefing schedule. Plaintiff requests an expedited briefing schedule, requiring immediate completion of any supplemental productions and a dispositive motions deadline of July 7, 2022. *Id.* at 6. Defendant requests the Court order the Parties to continue working toward narrowing the scope of exemption challenges, averring that all remaining supplemental productions can be completed by May 23, after which the Parties should be allowed more time to cooperatively resolve any remaining disputes. *Id.* at 6-7. Defendant requests a dispositive motion deadline be set no earlier than August 8, 2022. *Id.* at 7.

The Court is very concerned about Defendant's failure to meet the Court-ordered production deadlines and requirement to furnish a "complete and comprehensive" *Vaughn* index. While the Court is aware of the resource difficulties that Defendant has highlighted, the Court also notes Defendant stated in its opposition to Plaintiff's motion for summary judgment that it
ORDER IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT - 2

expected to complete its document production by November 2021. Dkt. No. 32 at 10. The time the Court allowed for Defendant to comply with its Order exceeded the production schedule Defendant proposed to Plaintiff prior to summary judgment, which Defendant represented was reasonable. *Id.* Additionally, it was Defendant that suggested the post-document production *Vaughn* index as a way to minimize the number of exemption challenges that would be required to resolve this case. *Id.* at 11. If the *Vaughn* index produced by Defendant is deficient, that defeats the purpose of allowing Defendant additional time to resolve disputes over withheld documents.

On the other hand, the Court made it very clear that both Parties are expected to work toward narrowing the scope of remaining exemption challenges requiring Court intervention. *Id.* at 12. This expectation is not limited to reviewing the *Vaughn* index. Defendant indicates that it is willing to compromise regarding some documents it might otherwise withhold as exempt. Dkt. No. 33 at 4-5. Plaintiff does not acknowledge Defendant's efforts to consult on ways to minimize the need for Court intervention and simply continues to challenge the application of exemptions to large volumes of documents. *Id.* at 3. If there is a compromise position, the Court strongly encourages the Parties to find it.

The Court construes the Parties' respective positions in the joint status report as indicating that there is still opportunity for the Parties to narrow the scope of remaining exemption issues.

The Court therefore ORDERS

1. The Parties shall continue to meet and confer regarding the exemptions and work cooperatively to narrow the scope of remaining exemption challenges requiring Court intervention.

2. Defendant shall complete all supplemental productions and necessary revisions to the *Vaughn* index by **no later than May 23, 2022**.

3. The Parties shall file a jointly proposed dispositive motion briefing schedule by **no later than June 13, 2022**.

4. Included with the proposed schedule, the Parties shall address whether the Court should consolidate the four related cases[1] to conserve both the Parties' and the Court's resources in resolving any remaining issues.[2]

While the Court will be surprised and disappointed to find it necessary, if the Parties are unable to reach agreement on a proposed schedule by the June 13 deadline, the Court will require the Parties to attend a status conference to determine an appropriate schedule for resolving this case.

Dated this 17th day of May 2022.

Tana Lin
United States District Judge

---

[1] *See State of Washington v. Office of Management and Budget*, No. 2:21-cv-00564-TL (filed Apr. 27, 2021); *State of Washington v. U.S. National Archives and Records Administration*, No. 2:21-cv-00565-TL (filed Apr. 27, 2021); *State of Washington v. Public Buildings Reform Board*, No. 2:21-cv-00566-TL (filed Apr. 27, 2021).

[2] The Court notes that counsel is exactly the same in all four cases, and the Parties were able to file a single, identical status report in each case. *See* Dkt. No. 33 at 2, n.1.